No. 209
MORTON v. CINCINNATI (City)
Ohio Appeals, 1st Dist., Hamilton County
No. 85099

874. ORDINANCES—Prosecution for violating ordinance proscribing obstruction of street does not lie after permit granted under another ordinance to move building in street and revoked after construction effected.

MATTHEWS, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Morton was convicted in the Municipal Court of Cincinnati for obstructing a certain public highway contrary to the provisions of Sec. 952, Cincinnati Ordinances, which provided in part: "No person shall obstruct any street . . . on a public highway . . . by permitting any . . . . building to remain upon said highway." The evidence showed that the plaintiff in error owned a building which he desired to move from one street to another. He applied for a permit to remove it. After procuring the permit he started to

## STATE COURT OF APPEALS—Continued

move the building. While the building was located in the street he was arrested for obstructing the street, the city notifying him at the time that the permit had been revoked and gave as its reason therefor that its original issuance was made because of an error. Upon being fined, the defendant prosecuted error. In reversing the judgment the Common Pleas Court of Hamilton county held:

1. When an act which, in itself, would constitute a violation of a city ordinance, is being done under authority of a permit issued by the administrative officers of the city in accordance with the terms of another ordinance, the revocation of such permit, on account of an error in its issuance, will not put the person to whom it was issued in a position to be prosecuted for the violation of the first ordinance.

Attorneys—George W. Welch and I. L. Huddle, for Morton; C. D. Pichel and Joseph H. O'Connell, for City; all of Cincinnati.